*Sedgwick, Kennedy & Tracy,* for plaintiff.

*Hiscock, Gifford & Doheny,* for defendant.

---

## COLEMAN, plaintiff in error, v. THE PEOPLE.

*Evidence — competency of — unanswered question — charge of court.*

A witness for the people stated in his cross-examination that he had taken an interest in the prosecution. On the re-direct examination he was asked the occasion of taking such interest. *Held,* a proper question.

The prisoner was indicted for receiving stolen property. On the cross-examination of one of the witnesses for the prosecution, it appeared that such witness had found property of his own in the prisoner's possession. On re-direct examination he was asked to describe the property he had referred to. *Held,* a proper question in order to show that the property mentioned was not that described in the indictment.

A witness for the prisoner introduced to show that the property was purchased innocently, was asked, in reference to certain property, "Did you not put railroad brass under skidding * * * and cover it up, after being purchased by you, and say that it was railroad iron, and would not do to be seen?" *Held,* proper to impeach testimony of witness as to the innocent nature of the purchases at plaintiff's store.

The question was answered in the negative. It is well settled that an objectionable question admitted, but unanswered, forms no ground for an exception.

Where a principle of law is correctly stated in a charge, the counsel has no right to require the court to charge an isolated proposition on language chosen by himself, or to charge it as an isolated proposition, if it is embraced in the charge given.

WRIT of error to Monroe county sessions.

*J. C. Cochrane,* for plaintiff in error.

*G. Raines,* district attorney, for the people.

TALCOTT, J.